## JOSEPH FELLOWS *v.* RICHARD HIGH and W. and J. LOCKETT.

In an action against the owners of a vessel for damages, resulting from the improper conduct of the master to a passenger, the owners cannot be brought into court by a service of the citation on the master, or on the consignees.

FELLOWS
*v.*
HIGH.

APPEAL from the Fifth District Court of New Orleans. This case was tried by a jury before *Buchanan*, J. *Edwards* and *Rand*, and *C. Roselius*, for plaintiff. *Hunton* and *Bradford*, for defendants.

EUSTIS, C. J. A majority of the court is of opinion that the defendants, *John* and *William Lockett*, who are appellants, were not legally cited by the service of the citation on the captain of the bark Acteon, or by the service of the citations on *Holmes* and *Mills*. And the said appellants not having made themselves parties to the record, by any appearance in person, or by an authorized attorney, the judgment against them is not valid.

It is therefore adjudged, that the judgment of the district court be reversed, and the plaintiff's suit be dismissed, with costs in both courts.

PRESTON, J. dissenting. The plaintiff obtained a verdict against the master and owners of the bark Acteon, for five thousand dollars damages, for the violation of their contract to convey his two daughters, as cabin passengers, on board their vessel from Liverpool to New Orleans. They were girls, sixteen and twelve years of age, just from school, and were placed under the care and protection of the master, who, instead of affording them the comfort and security implied in his contract, exercised towards them indignities which amounted to attrocious outrages, and almost drove those children to desperation. The evidence, believed by the jury, so fully justifies the verdict as to the master, that it is unnecessary to recapitulate it, especially as much of it is of a disgusting character.

The responsibility of the owners of vessels, as to passengers, is settled in the cases of *Keene* v. *Lizardi & Co.*, *Arroy* v. *Carrell*, and *St. Amand* v. *Lizardi & Co.* 5 L. R. 433. 1 L. R. 537. 4 L. R. 244. They are responsible for all damages done by the master, while acting within the scope of his power, and even for his torts. When carrying passengers, for money, the owners of vessels are subject to the same responsibility for a breach of duty, by the master, towards the passengers, as for their misconduct in regard to merchandise.

The owners of this vessel are, therefore, liable for the gross violation of contract, by their master, to these passengers, if they are properly before the court.

They are residents of Great Britain, and were cited only through the master in this city. They contend, that the citation was a nullity as to them, because the process should have been served personally, or at the domicil of the defendants.

In the case of *Gazzam* v. *Wright*, it was said by the late Supreme Court, that " in certain cases, when the owner resides out of the State where the suit is brought, he may be legally cited by service of process on the captain." I am under the impression that the article 199 applies to a master of a vessel in his capacity of master, and not in his individual capacity. And that service is to be made upon him for all contracts, negligence, or even malfeasance, in the line of his duty. I can conceive of no case where the service would be sufficient, except when the owner is responsible for the contract or conduct of the master, and if sufficient in any, it must be so in all such cases.

I yield to the opinion of the late Supreme Court. The owners and master are responsible *in solido* in such cases. The master is allowed to sue in a foreign port on behalf of the owners of his vessel, when, by his act or contract, a right accrues in their favor ; *vice versa,* I can see no reason why he should not be sued on their behalf when a liability is incurred by them, from his acts within the scope of his employment as captain.

Counsel appeared in this suit to protect the interest of the owners. They were no doubt informed of the suit long before it was tried. Had the owners appeared, dismissed the master, disavowed all his conduct, so far as by presumption of law it bound them, I should have thought the verdict against them should have been almost nominal. Instead of dismissing the master, and offering some atonement to a father for the injuries to his children, while protecting their interest, joined in a course of examination and cross-examination of witnesses not necessary to their protection, but calculated to aggravate his already deeply wounded feelings.

It is our duty to recommend moderation to juries, to administer justice in mercy, and to refuse vindictive damages wherever it is possible. And we would have approved of a distinction in this case, between the master and his employers; but since the jury, having the whole case and its conduct before them, and especially the mass of unnecessary and aggravating testimony on behalf of the defendants, did not see proper to make a distinction, we do not feel authorized to interfere with their decision.

I think the judgment of the district court should be affirmed, with costs.